11-693-ag
Lian v. Holder

BIA
Vomacka, IJ
A088 753 455

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        JOSEPH M. McLAUGHLIN,
>        REENA RAGGI,
>             *Circuit Judges.*

───────────────────────────────────────

LI HUI LIAN,
>        *Petitioner,*

>        v.                                     11-693-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

───────────────────────────────────────

FOR PETITIONER:          Norman Kwai Wing Wong, New York, New York

FOR RESPONDENT:          Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Li Hui Lian, a native and citizen of China, seeks review of a January 26, 2011, decision of the BIA affirming the July 16, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Li Hui Lian*, No. A088 753 455 (B.I.A. Jan. 15, 2011), *aff'g* No. A088 753 455 (Immig. Ct. N.Y. City July 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency reasonably determined that Lian had not established a well-founded fear of persecution based on her Christian faith because, as a recent convert to Christianity, she did not show that she was a church leader, or that her religious practice or preaching would come to the attention of Chinese authorities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."); *see also Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (providing that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). The agency also reasonably determined that Lian failed to establish a pattern or practice of the persecution of Christians in China because the treatment of Christians varied by region. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (affirming an IJ's conclusion "that religious violence in Indonesia was occurring on a very localized basis and was not countrywide" in rejecting

3

the claim that there is a pattern or practice of persecution of Chinese Christians in Indonesia (internal quotation marks omitted)).

Because Lian failed to establish her eligibility for asylum, she necessarily was unable to meet the higher standard to establish her eligibility for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Further, the agency did not err by denying her CAT claim on the grounds that she had illegally departed from China because she offered no particularized evidence that she would be tortured if she returned to China. *See Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir 2005) ("Because petitioner presents no particularized evidence suggesting that she is likely to be subjected to torture in Chinese prisons, we hold that she cannot make out a successful claim under the United Nations Convention Against Torture.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk